UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC RICHARD ELESON, | No. 2:19-cv-0112 KJN P |
| Plaintiff, | |
| v. | ORDER |
| JOE A. LIZARRAGA, et al., | |
| Defendants. | |

I. Introduction

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As set forth below, the undersigned finds that plaintiff's complaint fails to state a cognizable claim for relief and must be dismissed. However, leave to amend is granted.

II. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific

2

facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

III. Plaintiff's Complaint

Named as defendants are Joe A. Lizarraga, Warden, Mule Creek State Prison ("MCSP"), and Ralph Diaz, Secretary of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff avers that he is not challenging his conviction. (ECF No. 1 at 8, 9.) Plaintiff alleges that defendants are improperly calculating his sentencing credits, that he must first serve his life sentence before he serves the time imposed for the sentencing enhancements, and that they are improperly characterizing his offense as a violent offense rather than a nonviolent offense. Plaintiff argues such allegations are violations of his right to due process, equal protection, and the Ex Post Facto Clause, and constitute double jeopardy. Plaintiff claims defendants committed fraud, violated their oaths of office, and "Canons 1, 2, 3." (ECF No. 1 at 4.) Plaintiff asks the court to order the CDCR to correct the calculation of the terms of plaintiff's sentence, and award money damages and costs to plaintiff. (ECF No. 1 at 13.)

IV. Background

Plaintiff was convicted in 1995 of three counts of violating California Penal Code § 288(a), lewd and lascivious acts with a child under 14 years of age and sentenced to three consecutive terms of 25 years-to-life. (ECF No. 7 at 78.) Based on prior convictions or prior prison terms, plaintiff sustained two enhancements for violation of California Penal Code § 667(a), and his consecutive life sentence was enhanced by an additional ten years. (ECF No. 7 at 78.) Plaintiff's conviction requires registration under California Penal Code § 290. Id.

For purposes of Proposition 57, violent felonies are defined in California Penal Code § 667.5(c). See People v. Harris, 2017 WL 423084 at *2 (Cal. App. 2017). Under California

Penal Code § 667.5(c)(6), plaintiff's conviction is considered a violent felony. Inmates "[i]ncarcerated for life with the possibility of parole, serving a term for a violent felony as defined in PC 667.5(c), and/or required to register pursuant to PC 290," are ineligible for the nonviolent parole process provided under Proposition 57. Cal. Code Regs. tit. 15, § 3490.

V. Proposition 57

Proposition 57 changed California parole eligibility and credit earning rules by adding section 32 to article I of the California Constitution, which provides:

> (a) The following provisions are hereby enacted to enhance public safety, improve rehabilitation, and avoid the release of prisoners by federal court order, notwithstanding anything in this article or any other provision of law:
>
> (1) Parole Consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense.
>
> (A) For purposes of this section only, the full term for the primary offense means the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence.
>
> (2) Credit Earning: The Department of Corrections and Rehabilitation shall have authority to award credits earned for good behavior and approved rehabilitative or educational achievements.
>
> (b) The Department of Corrections and Rehabilitation shall adopt regulations in furtherance of these provisions, and the Secretary of the Department of Corrections and Rehabilitation shall certify that these regulations protect and enhance public safety.

Cal. Const., art. I, § 32. The "full term for the primary offense" is defined as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." Id., § 32(a)(1)(A). An indeterminate life sentence under the Three Strikes law is considered an "alternative sentence," see In re Edwards, 26 Cal. App. 5th 1181, 1187, 237 Cal. Rptr. 3d 673 (Cal. App. Sept. 7, 2018), and thus is not a primary offense term that must be served before a prisoner is eligible for parole consideration under Proposition 57. Therefore, a Three Strikes indeterminate sentence must be "put aside" for purposes of determining the full term of a prisoner's primary offense. Id. at 1192.

////

"California state court cases addressing application of Proposition 57 are unpublished decisions . . . [which] uniformly state that Proposition 57 creates a mechanism for parole consideration, not a vehicle for resentencing." Herrera v. California State Superior Courts, 2018 WL 400320 (E.D. Cal. Jan. 12, 2018). Inmates with third strike indeterminate sentences are excluded from parole consideration. Cal. Code Regs. tit. 15, §§ 3490 & 3491(b)(1).

VI. Discussion

A. Claims Not Within Core of Habeas Corpus

Initially, the court reviews whether plaintiff's claims are properly raised in a civil rights action. As a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be raised in a habeas corpus petition under 28 U.S.C. § 2254, while a claim that challenges the conditions of confinement should be raised in a civil rights action. Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). Federal courts lack habeas jurisdiction over claims by state prisoners that are not within "the core of habeas corpus." Nettles v. [Warden] Grounds, 830 F.3d 922, 927, 934 (9th Cir. 2016) (en banc), cert. denied, 137 S. Ct. 645 (2017). A prisoner's claims are within the core of habeas corpus if they challenge the fact or duration of his conviction or sentence. Id. at 934. "[W]hen a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus,' and may be brought, if at all, under § 1983." Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011); Preiser v. Rodriguez, 411 U.S. 475, 487 (1973).

In Nettles, the Ninth Circuit addressed the limits of a federal court's habeas jurisdiction when a prisoner is serving an indeterminate life sentence. 830 F.3d at 925-27. Nettles was serving a life sentence with the possibility of parole in a California state prison and brought a habeas petition challenging a prison disciplinary that resulted in the loss of good-time credits. 830 F.3d at 925-27. The Ninth Circuit Court of Appeals found that, even if Nettles succeeded on his claim, the expungement of the disciplinary violation and restoration of credits to his sentence would not necessarily lead to a grant of parole and, therefore, his claim did not fall within the "core of habeas corpus" and was "not cognizable." Id. at 934-35.

////

Here, plaintiff is serving an indeterminate life sentence. Even if plaintiff is correct that he is being denied additional credits, such finding would not necessarily lead to his immediate or earlier release from prison. Id. at 935; Travers v. People of the State of California, 2018 WL 707546, at *3 (N.D. Cal. Feb. 5, 2018) (rejecting claim for Proposition 57 relief because it "falls outside the core of habeas corpus"). Thus, plaintiff's claim to enforce his rights under Proposition 57 must be brought in a civil rights action, not through a petition for writ of habeas corpus.

### B. Lack of Linkage

Plaintiff's allegations fail to assert the requisite causal link between the challenged conduct, a specific defendant, and a clearly identified constitutional violation. Under § 1983, plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Lemire v. Cal. Dept. of Corrections & Rehabilitation, 726 F.3d 1062, 1074-75 (9th Cir. 2013).

### C. Sentencing Claims

The gravamen of plaintiff's claims is that the state courts misinterpreted state law when they determined he was not entitled to certain sentencing credits afforded under Proposition 57, or allegedly mischaracterized the nature of his conviction for the purpose of applying such credits. Section 1983 provides a remedy only for violation of the Constitution or law or treaties of the United States. See Swarthout v. Cooke, 562 U.S. 216, 222 (2011) (the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts). Such sentencing credit claims are solely based on alleged violations of state law. An error of state law is not a denial of due process. Swarthout, 562 U.S. at 222 (citing Engle v. Isaac, 456 U.S. 107, 121 n.21 (1982), see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court

determinations on state-law questions.")). Rather, state courts "are the ultimate expositors of state law." Mullaney v. Wilbur, 421 U.S. 684, 691 (1975).

For these reasons, the undersigned finds that plaintiff has not stated a potentially colorable claim under § 1983. While it is unlikely that plaintiff can cure the pleading defects discussed above, plaintiff is granted one opportunity to file an amended complaint. However, plaintiff is reminded that "[t]he violation of state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983." Herrera, 2018 WL 400320, at *4.

### D. Failure to State a Constitutional Claim

In cases where prisoners have filed federal civil rights complaints challenging the constitutionality of the application of Proposition 57 to their cases, federal district courts have found that the prisoners failed to state cognizable § 1983 claims because the essence of such claims concerned alleged violations of state law. See, e.g., Stewart v. Borders, 2019 WL 3766557, *5 (C.D. Cal. Aug. 9, 2019) (collecting cases). "Although it mentions Due Process, Equal Protection, and the Bill of Rights, the crux of the Complaint is that Defendants' actions violated the plain language of California law . . . , not that they deprived Plaintiff of due process or otherwise infringed his federal constitutional rights." Stewart, 2019 WL 3766557 at *5. Plaintiff cannot "transform a state-law issue into a federal one" simply by labeling it a due process violation. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) (prisoner "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process.")

Here, plaintiff alleges, in conclusory fashion, violations of his right to due process, equal protection, and the Ex Post Facto Clause, and such violations constitute double jeopardy. But because the crux of his claims are alleged violations of state law, his complaint fails to state a constitutional claim for the same reasons set forth in Stewart. See Langford, 110 F.3d at 1389.

### E. Claims Three and Four

Although plaintiff did not name any state court judges as defendants, in his third and fourth claims for relief, plaintiff alleges "fraud by the court," and violations of 18 U.S.C. § 1001 and their oaths of office, ostensibly by the judges who failed to render reasoned decisions in addressing plaintiff's claims in state court. Plaintiff confirmed in his first claim that his third and

fourth claims for relief were "for judges."  (ECF No. 1 at 4.)

First, as a private citizen, plaintiff lacks standing to enforce a federal criminal law.  See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); see also Abou-Hussein v. Gates, D. D.C. 2009, 657 F.Supp.2d 77, affirmed 2010 WL 2574084, cert. denied 562 U.S. 1201 (2011) (statute prohibiting fraud or false statements (18 U.S.C. § 1001) does not create a private right of action).

Second, there is no private right of action for plaintiff to enforce an alleged violation of the oath of office.  See Smith v. United States, 2013 WL 2154004, at *1 (D. Mass. May 15, 2013) (explaining that 5 U.S.C. §§ 3331 and 3332 do not "give rise to a private right of action in a civil context"); Gudgel v. Cty. of Okanogan, 2012 WL 3637431, at *4 (E.D. Wash. Aug. 22, 2012) (recognizing that there is no private right of action under 5 U.S.C. § 3331).  Similarly, numerous courts in other jurisdictions have found that there is no private right of action against an office holder for an alleged violation of an oath of office.  See, e.g., Nelson v. Williams, 2014 WL 5464159, at *5 (D. Minn. Oct. 27, 2014) (holding no private cause of action to enforce a Minnesota oath of office); Scheiner v. Bloomberg, 2009 WL 691449, *3 (S.D. N.Y. Mar. 17, 2009) ("Courts have held that there is no private cause of action for an official's alleged violation of an oath of office."); Mechler v. Hodges, 2005 WL 1406102, at *7 (S.D. Ohio June 15, 2005) (same); Conner v. Tate, 130 F. Supp. 2d 1370, 1380 (N.D. Ga. 2001) (same).[1]

Third, claims against state court judges based on conduct undertaken in their judicial capacities are barred by the doctrine of absolute judicial immunity.  See Swift v. California, 384 F.3d 1184, 1188 (9th Cir. 2004) ("It is well established that state judges are entitled to absolute immunity for their judicial acts.") (citing Pierson v. Ray, 386 U.S. 547 (1967)); see also Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities.").  This immunity is an immunity from suit, not just from an assessment of damages.

---

[1] Plaintiff's allegations that defendants Lizarraga and Diaz also violated their oaths of office, such claims fail for the same reason.

8

See Mireles v. Waco, 502 U.S. 9, 11 (1991). "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice[.]" Id. Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." Moore v. Brewster, 96 F.3d 1240, 1243-44 (9th Cir. 1996), superseded by statute on other grounds as recognized in Kenner v. United States, 689 F. App'x 558, 559 (9th Cir.), cert. denied, 138 S. Ct. 221 (2017). That is, even if judges act incorrectly or with improper motive, they are immune from suit for acts performed pursuant to their official functions. Pierson, 386 U.S. at 554 ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly.").

The actions of the state court judges in ruling on plaintiff's state court filings were solely within their judicial functions. Therefore, to the extent plaintiff intended to name state court judges as defendants herein, his third and fourth claims are dismissed with prejudice.

Finally, a federal district court is a court of original jurisdiction and does not have appellate jurisdiction over a decision from a state court. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923) (district courts may not exercise appellate jurisdiction over state courts). The Rooker-Feldman doctrine bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004) (citation omitted). Thus, to the extent plaintiff sought this court's review of the state court decisions, such request fails for lack of jurisdiction.

VII. Leave to Amend

As noted above, it is unclear whether plaintiff can amend his complaint to state a cognizable federal civil rights claim under § 1983. But in an abundance of caution, plaintiff is granted leave to amend.

If plaintiff chooses to amend the complaint, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an

amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: August 30, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/eles0112.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ERIC RICHARD ELESON, | No. 2:19-cv-0112 KJN P |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| JOE A. LIZARRAGA, et al., | |
| Defendants. | |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____ Amended Complaint

_____
Plaintiff